FILED
May 16 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ YC  DEPUTY

ORDERED UNSEALED on 08/13/2025   s/ judepeters

**SEALED**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

August 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. PABLO EDWIN HUERTA NUNO, aka "Flaquito," Defendant. | Case No. '25 CR1761 RBM<br><br>I N D I C T M E N T<br><br>Title 21, U.S.C., Secs. 959, 960 and 963 – International Conspiracy to Distribute Controlled Substances; Title 21, U.S.C., Secs. 952, 960 and 963 – Conspiracy to Import Controlled Substances; Title 21, U.S.C., Secs. 841(a)(1) and 846 – Conspiracy to Distribute Controlled Substances; Title 18, U.S.C., Secs. 1956(a)(2)(A), 1956(a)(2)(B)(i), and 1956(h) – Conspiracy to Launder Monetary Instruments; Title 18, U.S.C., Secs. 981(a)(1)(C) and 982, and Title 21, U.S.C., Sec. 853, and Title 28, U.S.C., Sec. 2461(c) – Criminal Forfeiture |

The grand jury charges:

Count 1

Beginning on a date unknown to the grand jury and continuing up to and including May 16, 2025, in the country of Mexico, and elsewhere, defendant PABLO EDWIN HUERTA NUNO, aka "Flaquito," who will first enter the United States in the Southern District of California, did knowingly and intentionally conspire with others known and unknown to the grand jury to distribute a controlled substance, to wit: 50 grams and more of methamphetamine (actual), 400 grams and more of a mixture or substance

MJS:JCM:nlv:San Diego:5/15/25

containing a detectable amount of (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly known as fentanyl), and 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine, all Schedule II Controlled Substances; intending, knowing, and having reasonable cause to believe that such methamphetamine, fentanyl, and cocaine would be unlawfully imported into the United States; all in violation of Title 21, United States Code, Sections 959, 960, and 963.

Count 2

Beginning on a date unknown to the grand jury and up to and including May 16, 2025, within the Southern District of California, and elsewhere, defendant PABLO EDWIN HUERTA NUNO, aka "Flaquito," did knowingly and intentionally conspire with other persons, known and unknown to the grand jury, to import a controlled substance, to wit: 50 grams and more of methamphetamine (actual), 400 grams and more of a mixture or substance containing a detectable amount of (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (commonly known as fentanyl), and 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine, all Schedule II Controlled Substances; into the United States from a place outside thereof; all in violation of Title 21, United States Code, Sections 952, 960, and 963.

Count 3

Beginning on a date unknown to the grand jury and up to and including May 16, 2025, within the Southern District of California, and elsewhere, defendant PABLO EDWIN HUERTA NUNO, aka "Flaquito," did knowingly and intentionally conspire with other persons known and unknown to the grand jury, to distribute 50 grams and more of methamphetamine (actual), 400 grams and more of a mixture or substance containing a detectable amount of (N-phenyl-N-[1-(2-phenylethyl)-4-

piperidinyl] propenamide (commonly known as fentanyl), and 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine, all Schedule II Controlled Substances; all in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

Count 4

Beginning on a date unknown to the grand jury and up to and including May 16, 2025, within the Southern District of California, and elsewhere, defendant PABLO EDWIN HUERTA NUNO, aka "Flaquito," did knowingly and intentionally conspire and agree with other persons, known and unknown to the Grand Jury:

a. to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, that is, the felonious importation and distribution of controlled substances punishable under Title 21, United States Code, Chapter 13, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

b. to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, that is, the

3

felonious importation and distribution of controlled substances punishable under Title 21, United States Code, Chapter 13, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATION

1. The allegations contained in Counts 1 through 4 are realleged and by their reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C) and 982, Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

2. Upon conviction of one or more of the felony offenses alleged in Counts 1 through 3 of this Indictment, said violations being punishable by imprisonment for more than one year and pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), defendant PABLO EDWIN HUERTA NUNO, aka "Flaquito," shall forfeit to the United States all his rights, title and interest in any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of the offenses, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations.

3. Upon conviction of the offense alleged in Count 4 of this Indictment, and pursuant to Title 18, United States Code, Section 982(a)(1), defendant PABLO EDWIN HUERTA NUNO, aka "Flaquito," shall forfeit to the United States, all property, real and personal, involved in such offense, and all property traceable to such property.

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 18, United States Code, Section 982(b), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property listed above as being subject to forfeiture.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982, and Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

DATED: May 16, 2025.

ADAM GORDON
United States Attorney

By: _____
MATTHEW J. SUTTON
ROBERT MILLER
JOSHUA C. MELLOR
Assistant U.S. Attorneys